Submitted on record and briefs February 22, reversed and remanded
April 3, 1978

BAXTER HIGNITE, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 08-77-047, CA 9053)
576 P2d 798

Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem, filed the brief for petitioner.

James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner was charged and found guilty of violation of OAR 291-40-050(7)(d)(A)(B)(C)—use of dangerous contraband—and received a sanction of two weeks' segregation. The report of violation upon which he was tried read:

"This morning I noticed that Mr. Hignite was walking very slowly and staggering from side to side. When I asked him if he was feeling allright he slurred his words. He was very slow in his action and movements. I asked him for a urine specimen and he was able to get one after considerable effort and time. Since two bottles of a controlled medication had been found hidden on the hospital ward, and two other inmates were also found with similar symptoms it is suspected that Mr. Hignite in conspiracy with * * * gained illegal entry to the OSP Pharmacy and obtained the above mentioned drug (Sinequan). *Results of the urine test will affirm or clear Mr. Hignite of these charges.*" (Emphasis supplied.)

At the hearing petitioner testified:

"* * * [H]e [the reporting employe] said well don't you worry about any of this, he says if -uh- this urine specimen comes back clear, he says none of the rest of this counts anyway."

There is nothing to indicate that the results of the urine tests were sought and considered by the Disciplinary Committee or, if not, why not. Petitioner's comments, *supra,* amounted to a request for the production of the result of the test or an explanation for its absence, and should have been honored.

Reversed and remanded.